875 F.2d 864
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerome KELLY, Petitioner-Appellant
v.
Dale FOLTZ, Respondent-Appellee.
 No. 87-2075.
 United States Court of Appeals, Sixth Circuit.
 May 12, 1989.
 
 Before BOYCE F. MARTIN, Jr., KRUPANSKY and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jerome Kelly was found guilty of felony murder on January 29, 1981. After exhausting his state remedies, Kelly filed a petition for a federal writ of habeas corpus.
 
 
 2
 In his petition, Kelly asserted that at trial he had been denied his right to due process under the fourteenth amendment of the federal Constitution. Kelly claimed that the jury instructions permitted the jury to convict him of aiding and abetting a felony murder without a finding of malice.
 
 
 3
 The district court below found that the Michigan Court of Appeals had stated that Kelly failed to preserve this issue for review. The court also noted that the Michigan Supreme Court refused to review the appropriateness of the instruction because of the lack of objection. Despite this procedural default, the district court stated that the Michigan Supreme Court did review the instruction to see whether any "manifest injustice" occurred. The court did not review this portion of the petition because of our decision in Raper v. Mintzes, 706 F.2d 161 (6th Cir.1983). Raper held that where procedural default is argued and the state court's opinion is ambiguous, habeas review may be denied if the state court did not rely solely on the merits of the petitioner's claims. The district court apparently found that the state court did not rely solely on the merits of Kelly's claim regarding jury instructions. The court went on to find that Kelly failed to show both cause for his failure to object and actual prejudice resulting from the alleged constitutional violation.
 
 
 4
 In his petition before the district court, Kelly also asserted that the jury instruction regarding felony murder allowed the jury to convict him without requiring it to find the necessary mens rea to commit murder. In Michigan a felony murder conviction requires a finding of malice that is not simply an inference from the intent to commit the underlying felony. See People v. Aaron, 409 Mich. 672 (1980). The district court concluded that the trial court did not fail to properly instruct the jury on the element of malice. The district court found that the instructions, when viewed as a whole, were proper. Cupp v. Naughten, 414 U.S. 141 (1973). Accordingly, it denied the writ.
 
 
 5
 Kelly now raises these same issues on appeal. With regard to Kelly's assertion that the felony murder instructions allowed a finding of guilt without the requisite mental state, we agree with the conclusion of the district court. When viewed as a whole, the jury instructions regarding mens rea and felony murder were proper and complete. Kelly's right to due process was not violated by the instructions on this matter.
 
 
 6
 Kelly's argument regarding the instructions on aiding and abetting are also easily resolved. In Harris v. Reed, --- U.S. ----, 109 S.Ct. 1038 (1989), the Court held that the application of the "plain statement" rule and the "adequate and independent state ground" doctrine apply to federal habeas cases where procedural default is alleged. In Harris the Court stated:
 
 
 7
 a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case " 'clearly and expressly' " states that its judgment rests on a state procedural bar.
 
 
 8
 109 S.Ct. at 1043, citing Caldwell v. Mississippi, 472 U.S. 320, 327 (1985), quoting Michigan v. Long, 463 U.S. 1032, 1041 (1983).
 
 
 9
 In Kelly's direct appeal, the Michigan Supreme Court stated that "[t]he aiding and abetting instructions given in this instance were not objected to at trial; therefore, the appropriate standard of review is whether manifest injustice occurred." People v. Kelly, 423 Mich. 261, 277 (1985) (citation omitted). After reviewing the law of Michigan regarding aiding and abetting a felony murder, the court repeated its review of this issue.
 
 
 10
 We do not address the defendant's contention that the actual instruction given does not require this level of intent to be found because the objection was not properly preserved. We review in this instance only to determine whether the defendant was subject to manifest injustice.
 
 
 11
 Id. at 280. We believe this statement meets the standard announced in Harris. Consequently, we are barred from considering the federal claims raised due to a procedural default.
 
 
 12
 The judgment of the district court is affirmed.